UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00363-RJC-DCK

| | |
|---|---|
| AUDREY WILLIAMS PRIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| U.S. DEPARTMENT OF THE NAVY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss for Failure to Prosecute or, in the Alternative, for Lack of Subject-Matter Jurisdiction, (Doc. No. 29); Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction, (Doc. No. 33); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 38). The Court has also reviewed all associated filings to the Motions and M&R. The matter is now ripe and ready for the Court's decision.

Having reviewed the arguments, the record, and the applicable authority, the Court **ADOPTS in part** the M&R. Specifically, the Court **DENIES** the motion to dismiss for failure to prosecute and **GRANTS in part** the motion to dismiss for lack of subject-matter jurisdiction as to Plaintiff's wrongful death claim but declines ruling on Plaintiff's personal injury claim at this time, and **STAYS** the case pending resolution of the Clendening case.[1]

---

[1] The Clendening case is currently on appeal at the Fourth Circuit and presents nearly identical facts and analyzes the same regulations as the present case. Oral argument is scheduled for September 21, 2021. Clendening v. United States, Case No. 7:19-CV-137-BR, 2020 WL 3404733, at *3-4 (E.D.N.C. Jun. 19, 2020), appeal filed, Case No. 20-1878 (4th Cir. Aug. 14, 2020).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

Regarding the M&R, neither party objected to the Magistrate Judge's standard of review for a motion to dismiss for lack of subject-matter jurisdiction. Therefore, the Court adopts that standard as set forth in the M&R.

## III. DISCUSSION

### A. Motion to Dismiss for Failure to Prosecute

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). No objection to the M&R was filed concerning the motion to dismiss for failure to prosecute, and the time for doing so has passed. Thus, the parties have waived their right to de novo review of this issue. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own and **DENIES** Defendants' Motion to Dismiss for Failure to Prosecute.

**B.     Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

The United States asserts two arguments for why Plaintiff's Third Amended Complaint should be dismissed for lack of subject-matter jurisdiction: (1) as to the wrongful death claim, Plaintiff has failed to exhaust administrative remedies in accordance with FTCA requirements; and (2) as to both of Plaintiff's claims (for wrongful death and personal injury), Plaintiff has not alleged "conduct that falls outside of the discretionary function exception" to the FTCA, and thus, there is no waiver of immunity—presenting a jurisdictional bar to both claims. (Doc. No. 34 at 6, 8).

1.     Failure to Exhaust Administrative Remedies

Defendant United States asserts that Plaintiff's wrongful death claim on behalf of her late son lacks subject-matter jurisdiction. This Court agrees.

Under the Federal Tort Claims Act, there is a statutory requirement that a Plaintiff must

3

exhaust his or her administrative remedies before filing a tort suit against the government. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 112 (1993) (affirming the district court's dismissal of an FTCA claim for lack of subject-matter jurisdiction where the plaintiff had not exhausted administrative remedies). The exhaustion process requires the claimant to first present the claim to the appropriate federal agency. Id. Once the claim is finally denied by the agency in writing, or if the agency fails to make a final disposition of the claim within six months after it is filed, then the claimant has fully exhausted his or her administrative remedies and can proceed via the federal court system. Id. However, the claimant only has six months to bring a tort action once the claim is finally denied. 28 U.S.C. § 2401(b). The claimant does not have to initiate a federal lawsuit against the agency and has the option of filing a request for reconsideration for up to six months after a final written decision is issued. 28 C.F.R. § 14.9(b). If a claimant decides to utilize the reconsideration approach, then the claimant must wait for a final written decision of the reconsideration request, or the passage of six months without a final disposition, before bringing the claim in federal court. Id. Of note, the six-month clock begins on the date of mailing, by certified or registered mail, the notice of final denial. 28 U.S.C. § 2401(b).

Here, the timeline of events is undisputed. In May 2015, Plaintiff filed two administrative claims with the Navy: (1) a wrongful death claim on behalf of her stillborn son and (2) a personal injury claim. (Doc. No. 14-1, 14-2). On January 25, 2019, the navy issued a final written denial of both claims and mailed the notice via certified mail to Plaintiff on January 31, 2019. (Doc. No. 14-3); (Doc. No. 14-3 at 3). On July 17, 2019, Plaintiff sought reconsideration of only the wrongful death claim. (Doc. No. 34-1).[2] Plaintiff then filed the

---

[2] The reconsideration request was filed by the Bell Legal Group on behalf of Plaintiff. (Doc. No. 34-1). The Court is aware that Plaintiff wrote a letter to an attorney at the Bell Legal Group, dated April 1, 2017, in which she

4

instant suit on July 26, 2019. (Doc. No. 1). Plaintiff's personal injury claim is proper as it was brought within six months of the mailing of the final denial. However, Plaintiff's wrongful death claim is not proper. Because Plaintiff filed a reconsideration request for the wrongful death claim, she was required to wait until a final written decision issued or six months passed without a final disposition before bringing suit. Instead, Plaintiff filed the instant suit nine days after filing for reconsideration on the wrongful death claim. Plaintiff thus failed to exhaust her administrative remedies for the wrongful death claim.

In response, Plaintiff admits to filing the wrongful death claim prematurely, but notes that the Navy issued a final denial for her reconsideration request of the wrongful death claim on May 1, 2020, which makes "all administrative remedies exhausted." (Doc. No. 44 at 1). In essence, Plaintiff admits the claim was improperly filed, but requests an exception because a final denial was issued. In support, Plaintiff cites to McNeil v. United States for the proposition that prematurely filed FTCA actions can be allowed if there has been no substantial progress in the litigation before the administrative remedies are exhausted. 508 U.S. 106 (1993); (Doc. No. 44 at 1). As Defendants correctly point out, McNeil holds just the opposite—that an FTCA action may not be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress was made in the litigation. McNeil, 508 U.S. at 113 (holding that a pro se litigant was not excused from the clear statutory procedural rule that required all administrative remedies be exhausted before bring suit, even when there was a final disposition before substantial progress in the litigation was made).

---

indicates that she would "no longer require" the services of the Bell Legal Group. However, Plaintiff stated in her response brief to the pending motions that the Bell Legal Group's July 2019 reconsideration letter was filed with the Navy "before [her] separation from [her] attorney." See (Doc. No. 14-4); (Doc. No. 35 at 3); (Doc. No. 35-1 at 1). Thus, taking the statements in Plaintiff's response brief as true, the Court does not find that there is any question that the Bell Legal Group was authorized to file for reconsideration of the wrongful death claim on behalf of the Estate of Willie J. Morris, III.

5

Accordingly, this Court **ADOPTS** the recommendation of the Magistrate Judge and **GRANTS** Defendant's motion to dismiss the wrongful death claim for failing to exhaust administrative remedies.

### 2. Discretionary Function Exception to the FTCA

Defendants' second argument in its motion to dismiss is that the discretionary function exception to the FTCA provides immunity for any potential causes of action. The FTCA "waives sovereign immunity for most torts committed by government employees, subject to several statutory exceptions." McMellon v. United States, 387 F.3d 329, 335 (4th Cir. 2004). "[W]aivers of sovereign immunity must be strictly construed." Wood v. United States, 845 F.3d 123, 127 (4th Cir. 2017). One of these exceptions—indeed, "the most important"—"is the discretionary function exception." Id. That exception, codified by statute, specifies that the FTCA's waiver of sovereign immunity does not apply to acts or omissions "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The rationale underpinning preservation of immunity for discretionary functions "is driven by separation of powers concerns, shielding decisions of a government entity made within the scope of any regulatory policy expressed in statute, regulation, or policy guidance, even when made negligently." Wood, 845 F.3d at 128; see also Williams v. United States, 50 F.3d 299, 309 (4th Cir. 1995) (the discretionary function "exception has a fluid quality that escapes particular confinement"). "Congress intended [the discretionary function] exception to preclude liability for choices made by government officials who must exercise judgment on matters of social, economic, and political policy." Pieper v. United States ex rel. Dep't of Defense, 713 F. App'x 137, 139 (4th Cir. 2017). Plaintiff "bears the burden of demonstrating jurisdiction and showing that none of the FTCA's exceptions [including the discretionary function exception] apply." Wood, 845 F.3d at 127.

The Court possesses subject-matter jurisdiction over FTCA claims only where the discretionary function exception does not apply. Williams, 50 F.3d at 305. For the discretionary function exception not to apply, Plaintiff must plausibly allege two factors. See Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988) (establishing a two-prong test to determine whether the discretionary function exception applies—it "will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," but it will apply when "governmental actions and decisions [are] based on considerations of public policy"). First, Plaintiff must plausibly allege that the Government has violated "mandatory statutes or regulations." United States v. Gaubert, 499 U.S. 315, 324, 328 (1991). Second, to establish jurisdiction under the FTCA, Plaintiff must plausibly allege "facts which would support a finding that the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime." Gaubert, 499 U.S. at 325.

This case is not the first of its kind, nor is it likely to be the last. Camp Lejeune water contamination cases tend to turn on whether the discretionary function exception applies. To date, these cases have been litigated in at least the Fourth[3], Fifth[4], Eight[5], and Eleventh[6] Circuits. Currently, there is a split within the Fourth Circuit, and a nearly identical case that analyzes the same

---

[3] Tate v. Camp Lejeune, Case No. 4:19-cv-91-D, 2019 WL 7373699, at *2 (E.D.N.C. Dec. 30, 2019), reconsideration denied, No. 4:19-CV-91-D, 2020 WL 2514316 (E.D.N.C. May 15, 2020) (finding the Navy's conduct in failing to prevent water contamination was discretionary when Plaintiff failed to cite to mandatory language from a statute or regulation); Hansley v. Dep't of Navy, Case No. 7:19-cv-133-FL, 2021 WL 2546716, at *2 (E.D.N.C. Jun. 21, 2021) (holding that Plaintiff did not meet its burden of showing the discretionary function exception did not apply); Bunting v. United States, Case No. 7:19-cv-67-BO, 2020 WL 6587086, at 2–4* (E.D.N.C. Nov. 10, 2020) (finding the discretionary function exception did not apply when analyzing the 1957 Manual of Naval Preventative Medicine); Washington v. Dep't of the Navy, 446 F. Supp. 3d 20, 25–29 (finding the discretionary function exception did not apply when analyzing BUMED regulations); Jones v. United States, 691 F. Supp. 2d 639, 642–43 (E.D.N.C. 2010) (finding the discretionary function exception did not apply when analyzing BUMED regulations).
[4] Snyder v. United States, 504 F. Supp. 2d 136, 139–43 (S.D. Miss. 2007), aff'd, 296 Fed. Appx. 399 (5th Cir. 2008) (holding that the discretionary function exception applied when analyzing a Naval preventative medicine regulation for disposal of waste).
[5] Bell v. Dep't of Navy, Case No. 4:19-cv-002221-AGF, 2021 WL 1143852, at *4 (W.D. Mo. Mar. 25, 2021) (finding the discretionary function exception applies to the maintenance of the water supply at Camp Lejeune).
[6] In re Camp Lejeune N.C. Water Contamination Litig., 263 F. Supp. 3d 1318, 1343–57 (N.D. Ga. 2016), aff'd, 774 F. App'x 564 (11th Cir. 2019) (determining the discretionary function exception applies when analyzing BUMED regulations).

regulations—Clendening v. United States—is on appeal with oral arguments scheduled for September 21, 2021. Clendening v. United States, Case No. 7:19-CV-137-BR, 2020 WL 3404733 (E.D.N.C. Jun. 19, 2020), appeal filed, Case No. 20-1878 (4th Cir. Aug. 14, 2020). To ensure judicial efficiency and prevent needless motion practice, this Court declines to rule on Plaintiff's personal injury claim pending the outcome of the Clendening case and issues a **STAY**.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 38), is **ADOPTED in part**;

2. Defendants' Motion to Dismiss for Failure to Prosecute or, in the Alternative, for Lack of Subject-Matter Jurisdiction, (Doc. No. 29), is **DENIED**;

3. Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction, (Doc. No. 33), is **GRANTED in part** as to Plaintiff's wrongful death claim. The Court declines ruling on Plaintiff's personal injury claim at this time and **STAYS** the case pending resolution of the Clendening case.

2. Defendant is instructed to submit a notice to the court when the Fourth Circuit issues a ruling in the Clendening case.

Date: September 20, 2021

Robert J. Conrad, Jr.
United States District Judge