# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:19-CV-363-RJC-DCK

| | |
|---|---|
| AUDREY WILLIAMS PRIDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| US DEPARTMENT OF THE NAVY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "United States' Motion To Compel Responses To Initial Disclosures And Discovery Requests" (Document No. 61) filed November 3, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

By the instant motion, Defendants seek an order compelling *pro se* Plaintiff to provide initial disclosures and responses to the United States' first set of interrogatories.  (Document No. 61).  The United States contends that Plaintiff was served the "First Set of Interrogatories and Requests for Production of Documents" on June 7, 2022.  (Document No. 62, p. 2) citing (Document No. 62-1).  The Government further contends that

> Plaintiff has failed to answer any interrogatories and to produce any documents responsive to the United States' First Set of Interrogatories and the United States' Request for Production, which were propounded on June 7, 2022.  Additionally, Plaintiff has provided no Initial Disclosures.

(Document No. 62, p. 5).

The undersigned notes that according to the "Pretrial Order And Case Management Plan" (Document No. 55), initial disclosures were due by May 10, 2022.  The undersigned further notes that Plaintiff has failed to file a response to the pending motion to compel, and the time to do so has lapsed.  See LCvR 7.1(e).

Based on the record of this case and the Government's arguments, including the assertion that Plaintiff has not provided *any* initial disclosures or discovery responses, the undersigned finds that the pending motion to compel should be granted.  Even though Plaintiff is appearing *pro se*,

2

she must still comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Orders of this Court.

In addition, the undersigned observes that the parties recently sought, and were granted, a request to be excused from mandatory mediation. <u>See</u> (Document Nos. 59 and 60). In support of their request, the parties noted that the United States Congress had recently passed a bill entitled "Honoring our PACT Act of 2022" that includes a section entitled the "Camp Lejeune Justice Act of 2022," creating a new cause of action specifically for claims arising from alleged exposure to contaminated water at Camp Lejeune. (Document No. 59). The parties did not elaborate on the impact of this recent legislation on this case, including whether an Amended Complaint is appropriate, and/or whether there is an alternative source of relief available to Plaintiff related to the claims in this case.

**IT IS, THEREFORE, ORDERED** that the "United States' Motion To Compel Responses To Initial Disclosures And Discovery Requests" (Document No. 61) is **GRANTED**. Plaintiff shall provide initial disclosures and discovery responses to Defendants on or before **December 16, 2022**.

**IT IS FURTHER ORDERED** that continuing failure by Plaintiff to participate in discovery, or otherwise prosecute this action, may lead to sanctions that could include dismissal of this lawsuit.

**IT IS FURTHER ORDERED** that the parties shall each file a brief with the Court explaining what, if any, impact the "Camp Lejeune Justice Act of 2022" has on this lawsuit, on or before **December 14, 2022**.

<u>The Clerk of Court is directed to send a copy of this Order to pro se Plaintiff by certified U.S. mail, return receipt requested.</u>

3

Case 3:19-cv-00363-RJC-DCK   Document 63   Filed 11/29/22   Page 3 of 4

**SO ORDERED**.

Signed: November 28, 2022

David C. Keesler
United States Magistrate Judge